### E. D. Green v. Margaret Cherry.

1. VERDICT—*when set aside as against the evidence.* A verdict manifestly against the weight of the evidence will be set aside by the Appellate Court.

Action in case for personal injuries. Appeal from the Circuit Court of Christian county; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

J. C. & W. B. McBRIDE, for appellant.

HOGAN & WALLACE, for appellee; BUCKINGHAM & GRAY, of counsel.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an action on the case by appellee against appellant to recover damages for a personal injury resulting from the alleged negligence of appellant in operating an automobile, whereby appellee's horse was frightened and ran away. There was a verdict and judgment in the Circuit Court of Christian county against appellant for $300.

The first count of the declaration charges that appellant negligently, carelessly and improperly drove his automobile. The second count charges appellant with driving his automobile at a rate of speed in excess of fifteen miles an hour. The third count charges that the horse of appellee became frightened at the approach of an automobile driven by appellant; that it was apparent to appellant that the horse was so frightened, and that appellant failed to come to a full stop until the horse had passed.

The only ground urged for a reversal of the judgment is that the verdict of the jury is against the manifest weight of the evidence.

On October 16, 1904, appellee was going north with a horse and buggy on one of the streets of the village of Morrisonville, and appellant was driving an automobile south on said street. Appellee saw appellant approaching at a distance of from one-eighth to one-fourth of a mile, and going about 800 feet further north appellee turned to the west on a street running

east and west, so as to avoid meeting appellant. At
the time appellee turned to the west, appellant was
twenty-five to fifty yards north of the east and west
street. Appellee drove west on that street about
forty-three yards, and having observed that appel-
lant had passed south of the intersection of the two
streets, she turned around, for the purpose of pro-
ceeding northward on the street running north and
south. As she turned to the east, or immediately
thereafter, her horse, either through fright at appel-
lant's automobile, or because of a ditch on the side of
the street, began to plunge and jump, and so continued
until within twenty or twenty-five feet of the inter-
section of the two streets, at which place the buggy
was overturned.

There is not a scintilla of evidence in the record
tending to show that while appellee was going north
on the north and south street her horse indicated any
manifestations of fright which could have been ob-
served by appellant, requiring the latter, in obedience
to the statute, to come to a full stop until appellee's
horse had passed. Appellee testifies that her horse
was twenty-two years of age; that she had driven
the horse fifteen years; that the horse was gentle, not
at all afraid of automobiles, and trotted by them with-
out paying any attention.

Notwithstanding the good character appellee gives
her horse, it is manifest she had some apprehensions
of possible danger when she saw appellant approach-
ing in his automobile. If her horse was perfectly
gentle, not at all afraid of automobiles, and trotted by
them without paying any attention, appellee had no
occasion to turn to the west to avoid meeting appel-
lant.

But it is insisted that appellant was running his
automobile at such an excessive rate of speed that
appellee's horse took fright at it. Appellee testifies
that as appellant approached her on the street from

the north, he was running his automobile at a rate of speed "equal to that of a passenger train, twenty-five or thirty miles an hour," and Mrs. Pratt, a witness for appellee, who says she observed appellant from a point 800 feet west of the north and south street, testifies, "It was going pretty fast, faster than I would like to ride in it, would judge about twenty miles an hour." These are the only witnesses on behalf of appellee who assume to testify to the rate of speed at which appellant was driving his automobile. The evidence offered on behalf of appellant is overwhelming to the effect that the automobile under the most favorable conditions, was incapable of a greater rate of speed than fifteen miles an hour, and that upon the occasion in question it was not going at a greater rate of speed that ten miles an hour.

It is not improbable that appellee's horse became frightened at the sight of appellant's automobile as it was going south on the north and south street after appellee had turned to the east on the east and west street, but this fact alone does not justify a recovery against appellant. Automobiles may rightfully be propelled upon the highways of the state, provided reasonable care and caution for the safety of others is exercised by the owners or drivers of the same, and no law of the state is violated. Christy v. Elliot, 216 Ill. 31.

A careful consideration of the evidence compels us to the conclusion that the verdict of the jury in this case is against the manifest weight of the evidence, and that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*